IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEREMY J. LINDSEY,

                Plaintiff,

       v.                        CASE NO.  08-3223-SAC

BRAD HILLEBERT,

                Defendant.

### O R D E R

This civil rights complaint was filed by an inmate of the Shawnee County Jail, Topeka, Kansas. Brad Hillebert, an employee at the jail, is named as the only defendant. Plaintiff also seeks leave to proceed in forma pauperis and appointment of counsel.

**APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES**

28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff has provided the affidavit, but not the certified copy of his inmate account statement. Plaintiff shall be given time to provide the account statement in support of his motion. This action may not proceed until he has submitted this

financial information as required by Section 1915(a).

**SCREENING**

Because Mr. Lindsey is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed for failure to state a federal constitutional claim.

Plaintiff claims he was denied medical attention and seeks money damages "for pain and suffering." In support of his claim, he alleges that he injured his foot while playing basketball, notified "staff" of his injury, was denied medical attention by defendant Hillebert, and "left to suffer severe pain."

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution or law of the United States." West v. Atkins, 487 U.S. 42, 48 (1988); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992). A pro se complaint must be given a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Plaintiff does not cite any federal law or constitutional provision and allege that it has been violated. Nor does he allege facts to

2

support a claim of violation of federal law.  Plaintiff's claims are conclusory, and as such do not entitle him to relief.

Generally, in order for an allegation of denial of medical attention to be litigated in federal court sufficient facts must be alleged to support a claim of cruel and unusual punishment under the Eighth Amendment[1].  An inmate's complaint of inadequate medical attention amounts to an Eighth Amendment claim if the inmate alleges "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind."  Miller v. Glanz, 948 F.2d 1562, 1569 (10th Cir. 1991); Martinez v. Garden, 430 F.3d 1302, 1304 (10th Cir. 2005).  Through objective facts, a prisoner must show the presence of a "serious medical need," that is, "a serious illness or injury."  Estelle, 429 U.S. at 104, 105; Farmer v. Brennan, 511 U.S. 825, 834 (1994).  A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980); Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th

---

[1] Claims of mere negligence in diagnosing an injury and the need for immediate medical attention must be presented in state court, and such claims are subject to a two-year statute of limitations.

3

Cir. 1999). Subjectively, the plaintiff must prove that the defendant had a culpable state of mind known as "deliberate indifference." Farmer, 511 U.S. at 834. A prison official does not act in a deliberately indifferent manner unless that official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837; Martinez, 430 F.3d at 1304 ("The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety."). A simple difference of opinion between inmate and prison medical staff regarding the diagnosis of an injury or the need for treatment does not itself state a constitutional violation, but may constitute, at most, a negligence malpractice claim. Estelle, 429 U.S. at 106-07; Ledoux v. Davies, 961 F.2d 1536 (10th Cir. 1992); see Handy v. Price, 996 F.2d 1064, 1067 (10th Cir. 1993). As the United States Supreme Court has explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind. . . ." Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

Id. at 105-106 (footnote omitted).

Plaintiff in this case alleges no facts indicating his injury was sufficiently serious.  He does not describe what symptoms he presented to defendant Hillebert that would have caused defendant to draw the inference that a substantial risk of serious harm existed if medical attention were not provided.  Obviously, a person may sprain a foot, be in pain, and require rest but not immediate medical attention.  Plaintiff does not even allege the date on which the injury occurred, or the harmful result of his not being provided with medical attention.  The court finds that, even taking the allegations of the complaint as true, facts are not alleged showing defendant Hillebert was deliberately indifferent to a sufficiently serious injury.  Plaintiff will be given time to allege facts, if they exist, that are sufficient to state a claim of cruel and unusual punishment.

**MOTION TO APPOINT COUNSEL**

The court further finds that plaintiff has no right to appointment of counsel in this civil rights action for money damages, and appears capable of stating facts underlying his claim.  Accordingly, the court concludes his motion for appointment of counsel should be denied.

If plaintiff fails to comply with this Order in the time provided, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days from the date of this Order in which to provide a

5

certified copy of his inmate account statement for the six months preceding the filing of this complaint, and to show cause why this action should not be dismissed for failure to state facts in support of a claim of cruel and unusual punishment.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Appointment of Counsel (Doc. 3) is denied.

**IT IS SO ORDERED**.

Dated this 12th day of September, 2008, at Topeka, Kansas.


s/Sam A. Crow
U. S. Senior District Judge